USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 96-1729 JESUS RAFAEL RODRIGUEZ RODRIGUEZ, Plaintiff, Appellant, v. IBERIA LINEAS AEREAS DE ESPANA, Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ _________________________ Before Selya and Stahl, Circuit Judges, ______________ and Woodlock,* District Judge. ______________ __________________________ Alberto Acevedo Colom on brief for appellant. _____________________ James D. Noel, III and McConnell Valdes on brief for _____________________ _________________ appellee. __________________________ December 9, 1996 __________________________ ______________ *Of the District of Massachusetts, sitting by designation. Per Curiam. This appeal stems from a suit alleging Per Curiam. ___________ failure to pay proper overtime and other extraordinary compensation in violation of both federal statutes and local law. The plaintiff, Jesus Rafael Rodriguez Rodriguez (Rodriguez), alleges that his former employer, Iberia Lineas Aereas de Espana (Iberia), a commercial passenger airline, underpaid him during a portion of the period in which he served as its traffic manger at the Luis Munoz Marin International Airport in Carolina, Puerto Rico. Iberia defended on the ground that the plaintiff's position was "administrative" and-or "executive" in nature, and therefore exempt from the statutory sweep. The district court conducted a three-day bench trial concerning Rodriguez's allegations. The court thereafter wrote a carefully reasoned opinion in which it concluded that Iberia had carried the devoir of persuasion in regard to the applicability of the cited exemptions. See Rodriguez v. Iberia, 923 F. Supp. ___ _________ ______ 304 (D.P.R. 1996). The court thereupon dismissed the complaint with prejudice and entered judgment for the defendant. Rodriguez appeals. Having read the entire record and carefully considered the parties' briefs, we find no basis to disturb the district court's decision. Moreover, we have determined that oral argument of this appeal would not advance the decisional process. In the final analysis, we regard this as a suitable case in which to act upon our previously stated belief that when "a trial court has produced a first-rate work product, a reviewing tribunal 2 should hesitate to wax longiloquent simply to hear its own words resonate." In re San Juan Dupont Plaza Hotel Fire Litig., 989 _______________________________________________ F.2d 36, 38 (1st Cir. 1993). Consequently, we affirm the judgment for substantially the reasons elucidated in the opinion below. We add only a brief comment. Rodriguez rehashes the evidence and essentially asks that we reweigh the facts de novo. Our proper office, however, is much more circumscribed. Following a bench trial, an appellate court is not warranted in rejecting the trial judge's "findings of fact or conclusions drawn therefrom unless, on the whole of the record, [the court of appeals] form[s] a strong, unyielding belief that a mistake has been made." Cumpiano v. ________ Banco Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990); see also ____________________ ___ ____ Fed. R. Civ. P. 52(a). Contrary to Rodriguez's suggestion, this paradigm applies full force to findings of fact concerning the significance (or lack of significance) of documentary evidence. See Reliance Steel Prods. Co. v. National Fire Ins. Co., 880 F.2d ___ _________________________ ______________________ 575, 576 (1st Cir. 1989); RCI Northeast Servs. Div. v. Boston __________________________ ______ Edison Co., 822 F.2d 199, 202-03 (1st Cir. 1987). __________ The clearly erroneous standard of review is determinative of the outcome here. The record, read objectively, does not yield a conviction that a mistake has been made. Thus, clear error is clearly absent. This does not mean, of course, that the case was open and shut at the district court level. But once the trier found ___________________________ the facts, the dynamics changed. Where, as here, the trial court 3 has indulged no error of law and its conclusions following a jury-waived trial are dependent upon its choices among conflicting facts and its elections as to which inferences to draw from the facts as found, appellate tribunals are not at liberty to meddle. See Foster v. Dalton, 71 F.3d 52, 55 (1st ___ ______ ______ Cir. 1995); Irons v. FBI, 811 F.2d 681, 684 (1st Cir. 1987). Nor _____ ___ do the appellant's criticisms of certain testimony suffice to tip the balance; credibility calls are for the district court, not for the court of appeals. See Anthony v. Sundlun, 952 F.2d 603, ___ _______ _______ 606 (1st Cir. 1991). We need go no further. The judgment of the district court is summarily affirmed. See 1st Cir. R.27.1. ___ Affirmed. Affirmed. ________ 4